UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| CONVO COMMUNICATIONS, LLC,<br><br>Movant,<br><br>v.<br><br>SORENSON COMMUNICATIONS, LLC,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE (DOC. NO. 2)**<br><br>Case No. 2:24-mc-00270<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

This subpoena dispute arises from a lawsuit Plaintiff Convo Communications, LLC, filed against Defendant Brandon Arthur in the United States District Court for the Western District of Texas.[1] In the underlying case, Convo brings claims for breach of contract and breach of the duty of loyalty, based on Mr. Arthur's alleged breach of an Asset Purchase Agreement relating to Convo's purchase of Mr. Arthur's business.[2] When Convo purchased Mr. Arthur's business, it hired him to serve as President and Chief Operating Officer of the business.[3] Mr. Arthur later resigned and accepted a position at a competitor company, Sorenson Communications, LLC.[4] Convo alleges Mr.

---

[1] *See Convo Commc'ns, LLC v. Brandon Arthur*, No. 1:22-cv-00270 (W.D. Tex. filed Mar. 22, 2022).

[2] (*See* Mot. to Compel ("Mot.") 1–2, Doc. No. 2; *see also* Ex. A to Mot., Compl. ("Compl."), Doc. No. 2-1.)

[3] (Compl. ¶ 14, Doc. No. 2-1.)

[4] (*Id.* ¶ 25–26.)

1

Arthur breached the purchase contract and his duty of loyalty to Convo by accepting a position at and providing trade secret information to Sorenson.[5]

Convo has filed a motion to compel production of documents pursuant to a subpoena it served on Sorenson, who is not a party to the underlying case.[6] The subpoena requests information regarding the relationship between Mr. Arthur and Sorenson, which Convo argues is critical to Convo's ability to take depositions "in an informed manner."[7] Sorenson responds that it has already produced some of the requested information, it agreed to produce more information if a protective order is entered, and one request is overbroad and unduly burdensome.[8] As explained below, Sorenson is correct; one request is unduly burdensome. Moreover, it is unclear whether there is a live dispute regarding the remainder of the requests. Accordingly, Convo's motion to compel[9] is denied.

## LEGAL STANDARDS

Subpoenas to nonparties are governed by Rule 45 of the Federal Rules of Civil Procedure. A subpoena may command a person to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody,

---

[5] (*Id.* ¶¶ 30–46.)

[6] (Mot. 1–2, Doc. No. 2.) Because Sorenson is a Utah company, Convo brings its motion in the District of Utah—the court of compliance. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("[T]he serving party may move the court for the district where compliance is required for an order compelling production or inspection.").

[7] (Mot. 2, Doc. No. 2.)

[8] (Opp'n and Resp. to Mot. to Compel ("Opp'n") 2–5, Doc. No. 9.)

[9] (Doc. No. 2.)

or control."[10]  "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court must enforce this duty.[11]

## ANALYSIS

Convo moves to compel Sorenson to produce documents responsive to four document requests from the subpoena.  Each request is addressed below.

### I.     Request 1 is overbroad and unduly burdensome.

Request 1 asks Sorenson to produce all documents "evidencing [Mr.] Arthur's job responsibilities at Sorenson."[12]  Convo argues this information "is necessary to provide insight into what type of work Mr. Arthur performs for Sorenson and what proprietary Convo information, if any, [Mr.] Arthur has improperly shared with Sorenson."[13]  Sorenson objects to this request on the grounds that it is overbroad and unduly burdensome, while Convo asserts Sorenson has not explained why this request is unduly burdensome.[14]  Convo also contends it is not unduly burdensome to produce documents evidencing Mr. Arthur's job responsibilities where his employment with Sorenson only began in January 2022.[15]

---

[10] Fed. R. Civ. P. 45(a)(1)(A)(iii).

[11] Fed. R. Civ. P. 45(d)(1).

[12] (Mot. 4, Doc. No. 2; Ex. C to Mot., Subpoena, Doc. No. 2-3 at 6.)

[13] (Mot. 5, Doc. No. 2.)

[14] (*Id.*)

[15] (*Id.*)

In response, Sorenson points out its previous explanation as to why this request is unduly burdensome: "it requires Sorenson to produce anything ever generated by or sent to [Mr.] Arthur, as well as any other company document that might 'evidence' his job responsibilities, during the entirety of his employment with Sorenson—regardless of whether the documents have any bearing on the case Convo has brought."[16] Sorenson's initial response to the subpoena contained this explanation, and the documents Convo attached to its motion reveals Sorenson reiterated this explanation at least two more times.[17]

For the reasons Sorenson gave in its objection, the request is overbroad and unduly burdensome. The document request seeks all documents "evidencing" Mr. Arthur's job responsibilities, but any work Mr. Arthur ever did at Sorenson evidences his job responsibilities to some extent. Convo cannot expect Sorenson to produce every document Mr. Arthur worked on in any capacity, every document sent to Mr. Arthur, and every document relating to Mr. Arthur. For this reason, Convo's motion is denied as to Request 1.

## II. It is unclear whether a dispute remains as to Requests 2 and 3.

Requests 2 and 3 ask Sorenson to produce documents relating to Mr. Arthur's involvement with "Sorenson Express," an on-demand video service Convo claims

---

[16] (Opp'n 3–4, Doc. No. 9 (quoting Ex. D to Mot., Letter from Sorenson to Convo ("Initial Resp.") 2, Doc. No. 2-4).)

[17] (See Ex. M to Mot., Letter from Sorenson to Convo 3, Doc. No. 2-13 ("Convo's framing the request to include documents that evidence [Mr.] Arthur's job responsibilities would require the production of every piece of paper generated in connection with his work, as all of the work he does at Sorenson will to some extent evidence the scope of his job responsibilities."); Ex. G to Mot., Letter from Sorenson to Convo 2, Doc. No. 2-7 ("Sorenson stands on its objections [to Request 1.]").)

Sorenson only began to offer after Mr. Arthur began working at Sorenson.[18]  Because Convo alleges Sorenson Express is similar to a service Mr. Arthur worked on while at his previous business, Convo requests this information in order to determine whether Mr. Arthur shared proprietary information with Sorenson.[19]

Sorenson objects that these requests are overbroad and unduly burdensome, and argues they would require Sorenson to disclose "confidential, proprietary, and trade secret information to its competitor."[20]  But Sorenson later indicated it would produce responsive documents if Convo agreed to entry of a protective order to safeguard Sorenson's trade secret information.[21]  However, instead of working with Sorenson to craft an agreeable protective order, Convo filed the instant motion—and attached a proposed protective order it has asked the court in the underlying case to issue.[22]

---

[18] (Mot. 6, Doc. No. 2; Ex. C to Mot., Subpoena, Doc. No. 2-3 at 6.)

[19] (Mot. 6, Doc. No. 2.)

[20] (Initial Resp. 3, Doc. No. 2-4.)

[21] (Opp'n 2, Doc. No. 9 ("Sorenson has never denied that it has some information responsive to request nos. 2 and 3 that it is willing to produce upon the entry of a protective order."); Ex. M to Mot., Letter from Sorenson to Convo 3, Doc. No. 2-13 (requesting Convo provide a copy of a proposed protective order).

[22] (*See* Mot. 5, Doc. No. 2; Ex. N to Mot., Proposed Protective Order, Doc. No. 2-14.) Convo's decision to file the instant motion instead of proposing the protective order to Sorenson—who agreed to consider producing documents if a protective order was entered—raises questions of inefficiency.  "When the court must resolve a dispute the parties themselves could have resolved, it must needlessly expend resources it could better utilize elsewhere." *Activision TV, Inc. v. Carmike Cinemas, Inc.*, No. 14-208, 2014 U.S. Dist. LEXIS 25380, at *4 (D. Kan. Feb. 26, 2014) (unpublished) (denying motion to quash a subpoena because the parties failed to meet and confer).

After the parties' briefs were filed in this matter, the court in the underlying case entered the protective order.[23]  Where Sorenson agreed to revisit these requests upon entry of a protective order, and a protective order has now been entered, it is unclear whether a dispute remains regarding these requests.  Accordingly, Convo's motion is denied without prejudice as to Requests 2 and 3.  If Convo seeks additional production under these requests, it may file a new motion within twenty-one days of entry of this order.

### III. It is unclear what Convo seeks as to Request 4.

Request 4 asks Sorenson to produce documents relating to Sorenson's recruitment of Mr. Arthur.[24]  Convo states "Sorenson has repeatedly refused to produce documents responsive to this request."[25]  But Sorenson never objected to this request, and Sorenson asserts it produced responsive documents.[26]  Convo does not appear to argue (let alone explain why) Sorenson's production is insufficient.  Accordingly, Convo's motion is denied without prejudice as to Request 4.  If Convo seeks additional production under this request, it may file a new motion, stating why it believes Sorenson's production is insufficient, within twenty-one days of entry of this order.

---

[23] *See* Order Granting Mot. for Protective Order, *Convo Commc'ns, LLC v. Brandon Arthur*, No. 1:22-cv-00270 (W.D. Tex. May 15, 2024).

[24] (Mot. 4–5, Doc. No. 2; Ex. C to Mot., Subpoena, Doc. No. 2-3 at 7.)

[25] (Mot. 5, Doc. No. 2.)

[26] (*See* Opp'n 5, Doc. No. 9; Initial Resp. 4, Doc. No. 2-4 (raising no objections and stating "Sorenson agrees to provide communications and documents [Mr.] Arthur and Sorenson exchanged regarding or relating to Sorenson's recruitment of [Mr.] Arthur"); Ex. M to Mot., Letter from Sorenson to Convo 2, Doc. No. 2-13 ("In response to [Request] no. 4, Sorenson has provided all of the documents it has concerning its recruitment of Mr. Arthur.").

CONCLUSION

Because Request 1 is overbroad and unduly burdensome, Convo's motion[27] is denied as to this request. And because it is unclear whether there is a live dispute regarding Requests 2, 3, and 4, Convo's motion[28] is denied without prejudice as to these requests. If Convo seeks additional production pursuant to Requests 2, 3, or 4, Convo may file a new motion within twenty-one days of entry of this order.

DATED this 18th day of June, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[27] (Doc. No. 2.)

[28] (Doc. No. 2.)